IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANICE LOTT, on behalf of herself and
all others similarly situated;
KANIKA CHEA, on behalf of herself and
all others similarly situated,

       Plaintiffs,

   v.

VIAL FOTHERINGHAM, LLP,

       Defendant.

No. 3:16-cv-00419-HZ

OPINION & ORDER

Bret Knewston
Bret Knewston, Esq.
3000 NW Stucki Pl., Ste. 230-M
Hillsboro, OR 97214

Mark. G. Passannante
Boer & Passannante, P.S.
1001 SW Fifth Ave., Ste. 1220
Portland, OR 97204

    Attorneys for Plaintiff

1 – OPINION & ORDER

Jonathan M. Radmacher
McGowen Grisvold, LLP
1100 S.W. Sixth Ave., Suit 1600
Portland, OR 97204

       Attorney for Defendant

HERNÁNDEZ, District Judge:

       Plaintiffs Janice Lott and Kanika Chea (collectively "Plaintiffs") bring, among others, claims under the Fair Debt Collection Practices Act (FDCPA) against Defendant Vial Fotheringham, LLP, alleging that Defendant, in its role as debt collector, engaged in abusive, deceptive, and unfair debt collection efforts when attempting to collect overdue HOA fees from Plaintiffs.

       Defendant moves to dismiss several of Plaintiffs' claims.[1] Specifically, Defendant contends that Plaintiff Lott has failed to state a claim regarding her allegation that Defendant threatened to foreclose on her property without intending to foreclosure in violation of 15 U.S.C. § 1692e(5). With respect to Plaintiff Chea, Defendant contends that her claim should be dismissed as time-barred under the FDCPA's one year statute of limitations, and that Ms. Chea has failed to state a claim regarding her allegation that Defendant coerced her into signing an agreement settling her outstanding debt. In the event that Plaintiffs' claims are not dismissed, Defendant moves to sever Plaintiffs, arguing that Ms. Lott and Ms. Chea are not properly joined under Federal Rule of Civil Procedure ("Rule") 20(a).

---

[1] Defendant notes in its motion to dismiss that Plaintiff failed to respond to Defendant's good-faith efforts to confer prior to Defendant filing the motion as required by Local Rule 7-1(a). Mot. Dismiss 1, ECF 4. Plaintiff does not deny that it failed to respond to Defendant's efforts to confer. Pl.'s Resp. to D.'s Mot. Dismiss 1-2, ECF 7. No prejudice results from Plaintiff's failure to respond. Rule 7-1 allows the Court to deny any motion filed before the parties have conferred. But Defendant has provided evidence of its good faith efforts, and Plaintiff's failure to respond in a timely manner does not prevent this Court from considering Defendant's motion.

2 – OPINION & ORDER

The Court grants Defendant's motion to dismiss Ms. Chea's coercion claim with leave to amend, but denies Defendant's remaining motions to dismiss. Plaintiffs may submit an amended complaint, should they desire to do so, within 30 days of this Opinion & Order. The Court defers ruling on Defendant's motion to sever at this time. The Court will contact the parties after an amended complaint is filed, or after the 30 day deadline to do so has passed, to set a status conference to discuss with the parties how to proceed regarding class issues.

## BACKGROUND

### I. Ms. Lott

Ms. Lott is a resident of Washington County, Oregon. Compl. ¶ 5, ECF. 1. Ms. Lott's property is subject to the rules of Autumn Meadow Owner's Association (the "AM HOA"), which collects monetary fees from residents that own property governed by the AM HOA. Id. at ¶ 12. At some point, Ms. Lott fell behind on her fees and the AM HOA retained Defendant, Vial Fotheringham LLP, to act as debt collector in recovering the overdue fees she owed. Id. at ¶ 14-15. In February 2014, Defendant filed a lawsuit in Oregon state court seeking to judicially foreclose against Ms. Lott's property in an effort to collect the overdue fees. Id. at ¶ 15. Although a foreclosure sale was scheduled, Defendant cancelled the sale without explanation and did not reschedule it. Id. at 16. On September 16, 2014, Ms. Lott filed for Chapter 13 bankruptcy in the District of Oregon. Id. at ¶ 11. Defendant continued to demand various fees from Ms. Lott, including via a May 2015 letter that contained another threat of foreclosure, which Defendant similarly did not act upon. Id. at ¶ 19.

### II. Ms. Chea

Ms. Chea is a resident of Washington Country, Oregon. Compl. ¶ 6. Ms. Chea's property is subject to the rules of Waterford Park Homeowner's Association (the "WP HOA"), which collects monetary fees from residents that own property governed by the WP HOA. Id. at ¶ 24.

At some point, Ms. Chea fell behind on her fees and the WP HOA also retained Defendant, Vial Fotheringham LLP, to act as debt collector in recovering the overdue fees she owed. Id. at ¶ 25. In 2012, and possibly earlier, Defendant filed a number of debt collection lawsuits against Ms. Chea in Oregon state court. Id. at ¶ 26. In October 2013, Ms. Chea signed a Covenant and Release prepared by Defendant that purported to allow Ms. Chea to satisfy the judgment from the latest debt collection lawsuit by making fixed payments, which would cover the judgment amount as well various fees, charges, and interest. Id. at ¶ 28. The Covenant and Release did not state the balance remaining on the judgment, or the amount of attorney's fees or other charges that Ms. Chea was expected to pay. Id. at ¶ 29. Defendant continued to send statements to Ms. Chea regarding the balance remaining under the Covenant and Release, including a March 2015 letter, which made reference to a twelve percent interest rate, and an August 2015 notice that Defendant was charging Ms. Chea $40 for obtaining information about her account. Id. at ¶ 30, 32. On August 11, 2015, Ms. Chea filed for Chapter 7 bankruptcy in the District of Oregon. Id. at ¶ 23. A bankruptcy discharge order was entered on November 5, 2015. Id.

## STANDARD

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

4 – OPINION & ORDER

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). The court, however, need "not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Id. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted).

## DISCUSSION

Plaintiffs Lott and Chea each allege several claims, many of which arise under the FDCPA. Ms. Lott alleges that Defendant threatened to foreclose on her property without actually intending to do so. Ms. Chea alleges that Defendant coerced her into signing the Covenant and Release regarding her debts to the WP HOA. Ms. Lott and Ms. Chea additionally claim that Defendant demanded illegal interest and other unlawful charges throughout its debt collection efforts with respect to both Plaintiffs.

I. The FDCPA

The FDCPA is designed to eliminate abusive debt collection practices by debt collectors and to protect consumers against debt collection abuses. 15 U.S.C. 1692 § 802. The statute states, in relevant part, "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Id. at § 1692d. In addition, the FDCPA proscribes the "false representation of the character [or] amount of any debt," as well as "the representation . . . that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property . . . unless such action is lawful and the debt collector . . . intends to take such action." Id. at § 1692e(2), (4). Similarly,

5 – OPINION & ORDER

the FDCPA forbids a debt collector from threatening to take any action against a debtor that the debt collector does not intend to take, or from using "any false representation or deceptive means to collect or attempt to collect any debt . . . ." Id. at § 1692e(5), (10). Finally, the FDCPA prohibits unfair debt collection practices, including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. at § 1692f(1).

II. Ms. Lott's claim

Plaintiff Lott alleges that Defendant violated the FDCPA by threatening to foreclose on Ms. Lott's property without intending to follow through on that threat. Compl. at ¶ 16; See also 15 U.S.C. § 1692e(5). In support, Plaintiff asserts that Defendant scheduled a foreclosure sale but cancelled the sale at the last moment with no explanation and did not then reschedule the sale for a later date. Defendant continued to threaten foreclosure thereafter but took no affirmative steps to follow through on that threat. Defendant contends that Ms. Lott has not stated adequate facts to sustain her claim. Rather, Defendant argues that Ms. Lott has alleged only her subjective belief regarding Defendant's intent.[2]

Section 1692e(5) of the FDCPA expressly forbids debt collectors from threatening to take an action against a debtor that the debt collector has no intention of taking. Juras v. Aman Collection Service, Inc., 829 F.2d 739, 744 (9th Cir. 1987). Ms. Lott's allegations regarding Defendant's lack of intent to follow through on its threats of foreclosure are enough to survive Defendant's motion to dismiss. Ms. Lott has provided the requisite "short and plain statement of [her] claim." FED. R. CIV. P. 8(a)(2). The factual support for Ms. Lott's claim is, at this stage, admittedly a bit meager. But assuming, as Ms. Lott alleges, that Defendant is a debt collector as

---

[2] Ms. Lott additionally contends that Defendant attempted to collect from Ms. Lott illegal interest rates and other charges. Defendant does not move to dismiss those claims.

defined by the FDCPA, that Defendant threatened to foreclose on Ms. Lott's property pursuant to Defendant's effort to collect overdue HOA fees from her, and that Defendant did not actually intend to foreclose on Ms. Lott's property, there is a violation of the FDCPA, 15 U.S.C. § 1692e(5). Based on facts alleged in the complaint, it is plausible that Defendant committed the alleged infraction, and that Ms. Lott will uncover adequate evidence to support her claim given the opportunity for discovery. See Twombly, 550 U.S. at 555. The only question for the Court when considering a motion to dismiss is whether the plaintiff pleads sufficient facts such that the court can draw the reasonable inference that the defendant committed the offense alleged. Iqbal, 556 U.S. at 678. Ms. Lott has done just that.

III. Ms. Chea's claims

Plaintiff Chea alleges that she was "coerced" into signing a "Covenant and Release" in October 2013, in which she agreed to pay Defendant in fixed installments the debt owed as well as fees, interest, and other charges stemming from the debt collection lawsuit that Defendant had initiated against Ms. Chea in 2012. To support her claim, Ms. Chea states only that Defendant coerced her into signing a release. Ms. Chea provides no additional factual context or any description of how she was coerced into signing the agreement. Nor does Ms. Chea adequately relate her allegation to any particular claim or cause of action. Ms. Chea's conclusory and unsupported allegation fails to meet the pleading standards required by Iqbal, 556 U.S. at 768 (holding that each claim for relief must be "plausible," not just "possible," to survive a motion to dismiss) and Twombly, 550 U.S. at 555 (holding that a well pleaded complaint requires "factual allegations [that] raise a right to relief above the speculative level."). Because Ms. Chea has not

adequately established the factual bases for her coercion claim, or explained under what law that claim arises, that claim is dismissed with leave to amend.[3]

The Court will not decide at this time whether Ms. Chea' coercion claim, should she choose to amend and resubmit that portion of the complaint, is timely. Until the Court is able to assess the bases for that claim with more specificity, it remains unclear what statute of limitations should govern. In any case, Ms. Chea's remaining claims should not be dismissed as untimely under the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d). This case was filed March 7, 2016. Instances in which Defendant allegedly demanded from Ms. Chea unauthorized interest and other charges occurred in March 2015 and August 2015, both of which are within the statute of limitations.

IV. Motion to Sever

Plaintiffs Lott and Chea, although they allege separate and distinct claims arising under the FDCPA, have joined together to bring a single suit against Defendant. Defendant contends that Plaintiffs are misjoined and that their respective claims against Defendant must be severed. Plaintiffs contend that this matter can and should proceed as a class action under Rule 23(b)(3). The Court defers ruling on Defendant's motion to sever at this time. The Court will contact the parties after an amended complaint is filed, or after the 30 day deadline to do so has passed, to set a status conference to discuss with the parties how to proceed regarding class issues.

//

//

//

---

[3] As with Ms. Lott, Ms. Chea additionally contends that Defendant attempted to collect illegal interest rates and other charges from her, and misrepresented the outstanding amount Ms. Chea owed. And as with Ms. Lott's claim, Defendant has not moved to dismiss Ms. Chea's allegations. While Ms. Chea's coercion claim is dismissed, her claims arising under the FDCPA alleging unfair and deceptive practices vis-à-vis Defendant's efforts to collect unauthorized monies from Ms. Chea may proceed.

8 – OPINION & ORDER

CONCLUSION

Defendant's motion to dismiss [4] is GRANTED IN PART and DENIED IN PART. With respect to Ms. Lott's claims, Defendant's motion to dismiss is denied. Defendant's motion to dismiss with regard to Ms. Chea's coercion claim is granted with leave to amend. Plaintiffs may file an amended complaint addressing the identified deficiencies within 30 days of the date below. The Court defers ruling on Defendant's motion to sever.

IT IS SO ORDERED.

Dated this _____25_____ day of __August_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

9 – OPINION & ORDER