IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANICE LOTT, on behalf of herself and
all others similarly situated; KANIKA
CHEA, on behalf of herself and all others
similarly situated,

        Plaintiffs,

  v.

VIAL FOTHERINGHAM, LLP,

        Defendant.

No. 3:16-cv-00419-HZ

OPINION & ORDER

Bret Knewtson
3000 NW Stucki Pl., Ste. 230
Hillsboro, OR 97214

Mark. G. Passannante
Boer & Passannante, P.S.
1001 SW Fifth Ave., Ste. 1220
Portland, OR 97204

1 – OPINION & ORDER

Nicholas A. Kahl
Nick Kahl, LLC
209 SW Oak St., Ste. 400
Portland, OR 97204

    Attorneys for Plaintiffs

Katie Jo Johnson
Jonathan M. Radmacher
McGowen Grisvold, LLP
1100 SW Sixth Ave., Ste. 1600
Portland, OR 97204

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiffs Janice Lott and Kanika Chea bring this putative class action against Defendant Vial Fotheringham, LLP. Plaintiffs allege that Defendant engaged in abusive, deceptive, and unfair debt collection efforts, in violation of the Fair Debt Collection Practices Act ("FDCPA"), when attempting to collect overdue homeowners' association ("HOA") assessments. Before the Court is Plaintiff's motion to certify a class. For the reasons that follow, the motion is denied.

## BACKGROUND

A detailed description of Plaintiffs' allegations against Defendant can be found in the Court's prior Opinion & Order on Defendant's motion to dismiss. *See* Op. & Order, Aug. 23, 2016, ECF 10. Briefly, Plaintiffs fell behind in paying assessments to their HOAs for the maintenance of common areas. Plaintiffs' HOAs employed Defendant as their debt collector. Defendant initiated collection lawsuits against Plaintiffs and prevailed. Defendant charged Plaintiffs for attorneys' fees associated with its collection work and collected other management fees arising from Plaintiffs' communications with Defendant regarding their delinquencies. Despite a standard Oregon statutory rate of 9%, Defendant also charged Plaintiffs with interest

on the attorneys' fees it was awarded at rates of 18% against Lott and 12% against Chea. Plaintiffs allege that these charges and interest rates were not authorized by Plaintiffs' agreements with their HOAs or by statute.

At summary judgment, the Court found that Defendant lawfully charged Plaintiffs for pre-suit attorneys' fees. The Court also found that Defendant was not authorized to impose interest rates of 18% against Lott and 12% against Chea on prevailing-party attorneys' fees. The Court denied both parties' remaining motions as to whether Defendant lawfully charged Plaintiffs for other management fees.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 23, a suit may proceed as a class action if:

> (1) [T]he class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to satisfying the four Rule 23(a) criteria, a class action may proceed only if one of the Rule 23(b) criteria is met. Fed. R. Civ. P. 23(b). To proceed under Rule 23(b)(3), a court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A plaintiff has the burden to establish compliance with Rule 23. *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014). A class may therefore be certified only if the court is satisfied, "after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (quoting *General*

3 – OPINION & ORDER

*Tel. Co. Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). In determining whether these prerequisites have been satisfied, the court takes "the substantive allegations of the complaint as true." *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982). However, the court must also "consider the nature and range of proof necessary to establish those allegations." *Id.* Ultimately, the decision to grant or to deny class certification is within the trial court's discretion. *Bateman v. Am. Multi–Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010).

## DISCUSSION

### I. The Proposed Class

Plaintiffs propose the following class definition:

> All natural persons against whom Vial Fotheringham LLP filed a lawsuit and obtained a judgment based on alleged non-payment of a consumer debt originating from obligations owed by alleged debtors as members of a homeowners' association where (a) the lawsuit alleged a right to, and the judgment included, post judgment interest on attorney fees at a contractual interest rate in excess of the statutory rate of interest of 9%; and (b) On or after March 7, 2015, Vial Fotheringham LLP collected on the judgment, or represented in any attempt to collect on the judgment or any communication to the debtor that interest had or could accrue on the attorney fee judgment at a rate exceeding 9%.

Pls. Mot. 1, ECF 63. Although this definition differs from the definition alleged in Plaintiffs' complaint, it is consistent with this Court's ruling on partial summary judgment and narrower than the class definition as originally pleaded. See *Abdeljalil v. Gen. Elec. Serv. Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015) (courts may consider a class definition narrower than that alleged in the complaint without the need for amending the complaint).

Plaintiffs argue that class certification should be granted because the class is so numerous that joinder is impossible, Plaintiffs' claims are typical of those of the class members, Plaintiffs will adequately represent the class, and there are common questions of law and fact that

predominate over questions affecting only individual members. Defendant challenges every aspect of the analysis.

## II. Rule 23 Factors

### A. Numerosity

Rule 23(a)(1) requires that a "class [be] so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1). In the Ninth Circuit and this district, a class with as few as forty members generally meets the numerosity requirement. *E.g.*, *Jordan v. Los Angeles Cty*, 669 F.2d 1311, 1319 & n.10 (9th Cir. 1982) (stating inclination "to find the numerosity requirement . . . satisfied solely on the basis of the number of ascertained class members, i.e., 39, 64, and 71," and listing thirteen cases in which courts certified classes with fewer than 100 members), vacated on other grounds, 459 U.S. 810 (1982); *Or. Laborers–Emp'rs Health & Welfare Trust Fund v. Philip Morris*, 188 F.R.D. 365, 372 (D. Or. 1998) ("This district has held that, as a 'rough rule of thumb,' approximately forty members is sufficient to satisfy the numerosity requirement.") (quoting *Wilcox Dev. Co. v. First Interstate Bank of Or., N.A.*, 97 F.R.D. 440, 443 (D. Or. 1983)). "In analyzing numerosity a court may make common-sense assumptions and reasonable inferences." *West v. Cal. Servs. Bureau, Inc.*, 323 F.R.D. 295, 305 (N.D. Cal. 2017) (quotation omitted).

Plaintiffs estimate the proposed class will include more than 1,000 members. Plaintiffs rely on two pieces of evidence: Defendant's Amended Answer to Plaintiffs' Class Interrogatory No. 4 and the deposition of Defendant's representative, Sarah Lappin. Together, this evidence shows that Defendant filed "1039 lawsuits seeking interest on attorney fees since March 7,

2015," Kahl Decl. ¶ 3, Ex. 2 ("Interrog.") at 3–4,[1] and that Defendant is actively collecting on approximately 1,000 judgments with attorneys' fees, *see* Kahl Decl. Ex. 1 ("Lappin Dep") at 9:24–10:2.

Defendant argues that Plaintiffs fail to establish that the proposed class *actually* includes more than 1,000 members. Specifically, it argues that the evidentiary bases for Plaintiffs' estimate are flawed; both Ms. Lappin's testimony and the interrogatory response identify overinclusive numbers. For example, while Defendant has filed 1,039 lawsuits seeking interest on attorneys' fees since March 7, 2015, not every lawsuit has resulted in a judgment. Indeed, even if each lawsuit had resulted in a judgment, Defendant stopped collecting interest at rates over 9% (the statutory rate) following this Court's summary judgment opinion in October 2017. Thus, according to Defendant, this evidence does not prove that the proposed class will actually include more than 1,000 members.

The Court finds that Plaintiffs have satisfied the numerosity requirement. Given Defendant's statement that it takes, on average, three to five years to collect on a judgment, it is reasonable to assume some correlation between the number of lawsuits filed since March 7, 2015 (1,039) and the number of judgments with active collection efforts (over 1,000). Even with Defendant's representation that it stopped collecting interest on attorneys' fees at rates over 9% after October 2017, the proposed class still easily exceeds this district's "rough rule of thumb" that approximately forty members is sufficient. Indeed, even assuming Defendant only attempted to collect against half of the 1,000 members identified by Plaintiffs (over, for example, the

---

[1] While Defendant faults Plaintiffs for "never attempt[ing] to identify the actual number of people that would be covered by their proposed class definition," Def. Resp. 5, the Court notes that Defendant objected to Plaintiffs' request to "[i]dentify those Delinquent Homeowners who were sent a demand by [Defendant] that included an Unlawful Interest Rate as part of the sum demanded," and provided only the answer included above.

6 – OPINION & ORDER

course of the two and a half years between March 2015 and September 2017), the class remains at 500. Even a third, a quarter, or a tenth of the 1,000 proposed members reaches the same result. Accordingly, applying common sense assumptions and reasonable inferences, the Court finds that Plaintiffs have satisfied the numerosity requirement.

### B. Typicality

Rule 23 requires Plaintiffs to establish that the class representatives' claim is typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon*, 976 F.2d at 508). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* Under the "permissive standards" of Rule 23(a)(3), the "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Even if the claims are not substantially identical, however, the class representative must still "be part of the class and possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (quotation omitted). Class certification is inappropriate where the representative is subject to unique defenses which could become the focus of the litigation. *Hanon*, 976 F.2d at 508.

Defendant argues there are "several legal issues which may vary between class members." Def. Resp. 6. Specifically, Defendant asserts that not all proposed class members will be "consumers," and some class members' claims may be subject to estoppel or *Rooker-Feldman* type arguments. In other words, Defendant argues that some proposed class members may be

subject to unique defenses. Defendant fails, however, to support these arguments with any citation or explanation. Even if these arguments *were* supported, they are without merit. The question is not whether class members may be subject to individual defenses, but whether the *proposed representatives* may be preoccupied with defenses unique to them. See *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 985 (N.D. Cal. 2019) (referencing the "general rule, as followed by numerous courts in the Ninth Circuit, that the existence of affirmative defenses applicable to some members of the putative class but not the representative, such as execution of a mandatory arbitration agreement, does not render the class representative atypical or inadequate") (collecting cases).

Plaintiffs' class claims arise from Defendant's common conduct of seeking unauthorized interest on attorneys' fees incurred in the collection of HOA debt. As the proposed class members have the same injury as the named representatives, the action is based on conduct which is not unique to the named representatives, and the proposed class was injured by the same course of conduct, Plaintiffs have satisfied the typicality requirement for class certification.

### C. Adequacy

Rule 23(a)(4) requires the class representatives to fairly and adequately protect the interests of the class. "This requirement turns on two questions: (1) whether 'the named plaintiffs and their counsel have any conflicts of interest with other class members'; and (2) whether 'the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class.'" *Demmings v. KKW Trucking Inc.*, No. 3:14-cv-494-SI, 2018 WL 4495461, at *14–15 (D. Or. Sept. 19, 2018) (quoting *Hanlon*, 150 F.3d at 1020) (alterations in original).

Defendant argues (1) there is no evidence that Plaintiffs understand and accept their responsibilities as class representatives and are free from conflicts of interest, and (2) class

counsel are inadequate because they misstate the law and facts in their class certification briefing.[2]

Plaintiffs have demonstrated that they will fairly and adequately protect the interests of the class. In signed declarations, both Ms. Lott and Ms. Chae state that they accept and understand their responsibilities as class representatives. Lott Decl., ECF 74; Chea Decl., ECF 75; see also Moeller v. Taco Bell Corp., 220 F.R.D. 604, 611 (N.D. Cal. 2004) ("The threshold of knowledge required to qualify a class representative is low; a party must be familiar with the basic elements of her claims[,] and will be deemed inadequate only if she is 'startlingly unfamiliar' with the case." (citations omitted)). Defendant has also failed to identify any interest adverse to the proposed class, and mere speculation as to a potential conflict will not defeat class certification. See Cummings v. Connell, 316 F.3d 886, 896 (9th Cir. 2003) ("[T]his circuit does not favor denial of class certification on the basis of speculative conflicts."); Soc. Servs. Union, Local 535, Serv. Emps. Int'l Union, AFL–CIO v. Santa Clara Cnty., 609 F.2d 944, 948 (9th Cir. 1979) ("Mere speculation as to conflicts that may develop at the remedy stage is insufficient to support denial of initial class certification.").

Additionally, while Defendant may disagree with certain legal and factual arguments, Defendant provides no support for its position that misstatements or unpersuasive arguments are relevant to the adequacy analysis. Indeed, even if the Court found Defendant's concerns warranted, the appropriate response would be to certify the class and appoint separate class counsel under Rule 23(g). Such an action is not necessary here; Plaintiffs have provided sufficient evidence that they are represented by qualified and competent counsel. In particular,

---

[2] Defendant also seems to suggest some issue with the fact that Plaintiff has employed three lawyers from three law firms, and these attorneys employed another attorney to review the discovery. Defendant fails to explain how this is relevant to the adequacy analysis.

9 – OPINION & ORDER

Plaintiffs submitted declarations from counsel outlining their collective experience in class actions and FDCPA litigation. *See A.F. ex rel. Legaard v. Providence Health Plan*, 300 F.R.D. 474, 483 (D. Or. 2013) (court found adequacy where law firm had been appointed lead counsel in other class action lawsuits and lead counsel had experience litigating similar claims). Plaintiffs have therefore satisfied the adequacy requirement of Rule 23.

### D. Commonality

Under Rule 23(a)(2), Plaintiffs must establish that there "are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Generally, Rule 23(a)(2)'s requirements "have been construed permissively, and all questions of fact and law need not be common to satisfy the rule." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (internal quotation marks and brackets omitted). Nonetheless, the Supreme Court has recognized that "any competently crafted class complaint literally raises common 'questions.'" *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (internal quotation marks and brackets omitted). As a result, the Court explained that "reciting these questions is not sufficient to obtain class certification." *Id.* (internal quotation marks omitted). Instead, "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury" which does not "mean merely that they have all suffered a violation of the same provision of law." *Id.* at 349–50 (citations omitted). The claims "must depend upon a common contention" and that common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350. According to the Court, "[w]hat matters to class certification is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the

litigation." *Id.* (internal quotation marks and ellipsis omitted). "This does not, however, mean that every question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single significant question of law or fact.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)).

Plaintiffs argue that resolution of the proposed class's claims will involve at least the following common legal issues:

(1) Whether communications sent by Vial in an effort to collect on judgments that included post-judgment interest on attorney fees at the Contractual Rate were false, deceptive, or misleading representation in the collection of the debt in violation of section 1692e of the FDCPA.

(2) Whether communications sent by Vial in an effort to collect on judgments that included post-judgment interest at the Contractual Rate falsely represented the character, amount, or legal status of the debt in violation of section 1692e(2)(A) of the FDCPA.

(3) Whether the communications sent by Vial in an effort to collect on judgments that included post-judgment interest at the Contractual Rate constituted threats to take an action that could not legally be taken in violation of 15 USC 1692e(5), false or deceptive means to collect or attempt to collect under 15 USC 1692e(10), unfair or unconscionable means of collection under 15 USC 1692f, or constituted attempts to collect an amount not expressly authorized by the agreement creating the debt or permitted by law as proscribed by 15 USC 1692f(1) of the FDCPA.

(4) Interpretation of the HOA governing documents; specifically, whether those governing documents permitted Vial to charge Contractual Rate interest on prevailing party attorney fees included in a judgment.

Pls. Mot. 4–5. Plaintiffs also identify "common facts" that include: Defendant obtained judgments against all class members based on HOA debt, these judgments included post-judgment interest on attorneys' fees at a rate set by HOA governing documents, and Defendant collected or attempted to "collect on these judgments by, among other things, sending letters and correspondence." *Id.* at 5–6.

11 – OPINION & ORDER

In response, Defendant argues that to resolve the claims at issue, the Court will need to individually analyze a range of documents from hundreds of different HOAs. Defendant points out that the proposed class includes members from 262 HOAs, and each HOA has a different set of relevant documents, including declarations, bylaws, and collection resolutions. According to Defendant, the content of these documents will determine whether Defendant was entitled to collect interest on attorneys' fees at a contractual rate greater than 9%. Thus, individual inquiries into the governing documents of each HOA will dominate the Court's analysis. While certainly relevant, the Court finds these arguments more persuasive in the context of Rule 23(b)(3)'s predominance analysis and will therefore address them below.

Given that Rule 23(a)(2)'s requirements are generally construed permissively, Plaintiffs have identified sufficient issues of law and fact to satisfy the commonality requirement. Specifically, Defendant acted in a substantially similar manner against all proposed class members by initiating collection lawsuits against HOA members in default, obtaining judgments against those members, charging those members for attorneys' fees associated with its collection work, and seeking interest on those fees at rates exceeding the Oregon statutory rate of 9%. The injury to each proposed class member is the same; Defendant charged interest on attorneys' fees that was neither supported by contract nor statute. Accordingly, common proof will be available to determine whether individual HOAs allowed for the collection of contractual interest and whether Defendant's conduct in collecting that interest violated the FDCPA. Plaintiffs have therefore satisfied the commonality requirement.

### E. Predominance[3]

The predominance inquiry of Rule 23(b)(3) asks whether "the questions of law or fact common to the class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The predominance criterion of Rule 23(b)(3) is "far more demanding" than the commonality requirement set forth in Rule 23(a)(2). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997). Because class actions are meant to promote efficiency and economy of litigation, the predominance analysis focuses on the relationship between the common and individual issues in the case, and tests whether the proposed class is sufficiently cohesive to warrant class treatment. *Abdullah*, 731 F.3d at 963–64. Thus, predominance generally exists where common questions, which can be resolved for all members on a class-wide basis, are such a significant aspect of the case that they present "a clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation marks and citation omitted). "Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

The FDCPA prohibits debt collection of any interest, fee, charge, or expense "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C § 1692f(1). At summary judgment, the Court found that Defendant violated the FDCPA as

---

[3] Because Plaintiffs have failed to meet the predominance requirement, the Court will not address the superiority requirement. *See Soares v. Flowers Foods, Inc.*, 320 F.R.D. 464 (N.D. Cal. 2017) ("Normally, when a plaintiff fails to meet the predominance requirement, the court need not address the superiority requirement."). As the Ninth Circuit has explained, "[i]f each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'" *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001).

13 – OPINION & ORDER

to Ms. Lott and Ms. Chae by collecting interest on attorneys' fees at rates not expressly authorized by the HOA governing documents that created the underlying debt. Defendant argues that to determine whether it violated the FDCPA as to each member of the proposed class, the Court will again need to individually analyze the governing documents from each HOA. Because the proposed class includes members from 262 different HOAs, and the governing documents for each HOA include declarations of covenants, conditions & restrictions ("declarations"), resolutions, and bylaws, these individual inquiries will dominate the Court's analysis.

Plaintiffs argue that the Court will not, in fact, need to analyze each declaration, resolution, and set of bylaws for each of the 262 HOAs. First, Plaintiffs argue that because the express authorization to collect interest on attorneys' fees must appear in the "recorded governing documents filed with the county recorder's office and associated with the deed or title of the property," only the declarations will be relevant to the Court's analysis. Pls. Mot. 13. Second, Plaintiffs argue that although there are 262 different HOAs, there are actually only seventy-one different clauses authorizing interest on attorneys' fees; many of the HOAs share either identical or substantially similar clauses on the issue. Thus, according to Plaintiffs, the Court's review would be far more limited than projected by Defendant.

As a preliminary matter, the Court does not agree that Plaintiffs' citations establish that only declarations can determine whether an HOA is expressly permitted to impose a contractual interest rate on prevailing-party attorneys' fees in the first instance.[4] Even if the Court did accept this premise, however, the Court would still find that, under Plaintiffs' own theory, individual inquiries into each declaration would predominate the litigation. To determine whether

---

[4] Indeed, the Court notes that, at summary judgment the Court looked to the declarations, bylaws, *and* resolutions to determine whether the governing documents authorized the disputed interest rates.

14 – OPINION & ORDER

Defendant had a contractual right to collect interest on attorneys' fees, the Court would need to examine each of the seventy-one clauses separately. While Plaintiffs argue that, per their own analysis, these clauses do not allow interest on attorneys' fees in excess of the statutory rate, this is, in fact, the very heart of the FDCPA claim. Though the Court might accept Plaintiffs' assertion that there are only seventy-one unique clauses to begin with, the Court cannot simply accept Plaintiffs' interpretation of those clauses. Thus, even under Plaintiffs' own theory, individual inquiries into the terms of the relevant documents would predominate over any common questions. Class certification is therefore not appropriate under Rule 23(b)(3).

## CONCLUSION

Plaintiff's motion for class certification [63] is DENIED.

IT IS SO ORDERED.

Dated: _____April 15, 2020_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

15 – OPINION & ORDER