IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JANICE LOTT, on behalf of herself and all others similarly situated; KANIKA CHEA, on behalf of herself and all others similarly situated, | No. 3:16-cv-00419-HZ  OPINION & ORDER |
| Plaintiffs, | |
| v. | |
| VIAL FOTHERINGHAM, LLP, | |
| Defendant. | |

Bret Knewtson
3000 NW Stucki Pl., Ste. 230
Hillsboro, OR 97214

Mark. G. Passannante
Boer & Passannante, P.S.
1001 SW Fifth Ave., Ste. 1220
Portland, OR 97204

1 – OPINION & ORDER

Nicholas A. Kahl
Nick Kahl, LLC
209 SW Oak St., Ste. 400
Portland, OR 97204

    Attorneys for Plaintiffs

Katie Jo Johnson
Jonathan M. Radmacher
McGowen Grisvold, LLP
1100 SW Sixth Ave., Ste. 1600
Portland, OR 97204

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiffs Janice Lott and Kanika Chea (collectively "Plaintiffs") brought claims under the Fair Debt Collection Practices Act ("FDCPA") against Defendant Vial Fotheringham, LLP alleging that Defendant engaged in abusive, deceptive, and unfair debt collection efforts when attempting to collect overdue homeowners' association ("HOA") assessments.

At summary judgment, the Court found that Defendant violated the FDCPA as to Plaintiffs Ms. Lott and Ms. Chea by collecting interest on attorneys' fees at rates not expressly authorized by the HOA governing documents that created the underlying debt. ECF 43. The Court also found that Defendant lawfully charged Plaintiffs for pre-suit attorneys' fees. The Court denied both parties' remaining motions as to whether Defendant lawfully charged Plaintiffs for other management fees.

Plaintiffs then moved to certify a class based on the interest on attorneys' fees issue. ECF 63. The Court denied Plaintiffs' motion. ECF 76. The Court entered a Stipulated Judgment of Dismissal on August 24, 2020. ECF 85.

2 – OPINION & ORDER

Plaintiffs now move for $221,576.50 in attorney's fees and $1,239.70 in costs.[1] For the reasons explained below, Plaintiffs' motion is granted in part. Plaintiffs are awarded $172,665.15 in fees and $1,239.70 in costs.

**STANDARDS**

Under the FDCPA any debt collector who fails to comply with its provisions is liable "in the case of any successful action ... [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The Ninth Circuit has held that this language "makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir.2008). Under a fee-shifting statute, such as the FDCPA, the "lodestar" method is used to calculate the attorney's fee award. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). The court first multiplies the number of hours the prevailing party reasonably expended on the litigation times a reasonable hourly rate, in order to determine the "lodestar" amount. *Id.* If circumstances warrant, the court then adjusts the lodestar to account for the *Kerr* factors not subsumed within the initial lodestar calculation.[2] *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

---

[1] The requested fees include payment for hours initially requested in Plaintiffs' Motion for Attorney's Fees, ECF 104, and additional hours for time reasonably expended in preparing a reply to Defendant's response to Plaintiffs' motion. *See* Pl. Mot. Suppl. Att'y Fees, ECF 98. Time spent by counsel in establishing the right to a fee award is compensable. *Davis v. City of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992).

[2] Factors subsumed within the lodestar include the novelty and complexity of the issues, special skill and experience of counsel, quality of the representation, results obtained, and the superior performance of counsel. *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1383 (9th Cir. 1990).

3 – OPINION & ORDER

While it is not necessary to detail every numerical calculation, and across-the-board percentage adjustments are permissible, the court must provide "enough of an explanation to allow for meaningful review of the fee award." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

## DISCUSSION

I.   Amount of Attorney's Fees

   A.   Hours Reasonably Expended

It is the fee claimant's burden to demonstrate that the number of hours spent on the case was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [ ] claims.").

Plaintiffs seeks compensation for 99 hours of work performed by attorney Mark Passannante, 314.3 hours of work performed by Bret Knewtson, 41.9 hours of work performed by Nick Kahl, and 38.9 hours of work performed by Young Walgenkim. Pl. Mot. Att'y Fees 2, ECF 88.

Defendant objects to time spent by Plaintiff's counsel arguing that they should not be compensated for any work on the unsuccessful class certification effort and that the number of hours spent by counsel on its filings was unreasonable. Defendant also argues for lodestar reductions based on Plaintiffs' counsel's unreasonableness in settlement negotiations, duplication of efforts, and block billing.

//

4 – OPINION & ORDER

        i.        Partial Success

Defendant argues that because Plaintiffs' motion for class certification failed, all of Plaintiffs' counsel's time entries after the October 2017 Summary Judgment Opinion and Order (O&O) should be eliminated. Plaintiffs' counsel contends that they should be awarded fees for this time because it was necessary to prevailing on the improper interest claim.

A prevailing plaintiff seeking attorney fees may be compensated only for hours expended in furtherance of successful claims or claims closely related to successful claims. *Hensley*, 461 U.S. at 434–35. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." *Id.* at 440. To determine fees in cases of partial success "[a] court must consider (1) whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded,' and (2) whether 'the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Watson v. Cty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (citations omitted). Deductions based on limited success are within the discretion of the district court. *Id.* (citing *Sorenson*, 239 F.3d at 1147).

The first step requires the court to examine whether the successful and unsuccessful claims are unrelated. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). "Claims are unrelated if the successful and unsuccessful claims are distinctly different both legally and factually; claims are related, however, if they involve a common core of facts or are based on related legal theories." *Id.* (emphasis in original, internal quotations and citations omitted). If the claims are related, the court engages in the second step of the analysis and must assess "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* "Where a plaintiff has obtained excellent results, his attorney should recover a

fully compensatory fee." *Hensley*, 461 U.S. at 435. "When 'a plaintiff has achieved only partial or limited success, [however,] the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'" *Dang*, 422 F.3d at 813 (quoting *Hensley*, 461 U.S. at 436). "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37 (1983). The decision of how to proceed is entrusted to the district court's discretion. *Id.*

At the first step, the Court considers whether these claims were related. Plaintiffs sought class certification on the same interest on attorneys' fees issue that they prevailed on at summary judgment. Accordingly, the Court finds that Plaintiffs' successful FDCPA claim was related to its unsuccessful motion for class certification.

Since these claims were related, the Court considers the second step, the significance of the overall relief obtained in relation to the hours reasonably expended. Plaintiffs obtained a significant result in this case. They secured an amount greater than the allowable statutory damages. It also appears that Plaintiffs' success on the interest on attorneys' fees issue spurred Defendant to stop alleging a right to recover contractual interest rates on attorney fees. Kahl Decl. Ex. 2 at 4, ECF 64-2; *see also Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012) (finding that the plaintiff achieved "a significant level of success" where her lawsuit resulted in the debt collector abandoning its unlawful practice and where she recovered the full amount of allowable statutory damages under the FDCPA). In light of this result, the Court finds Plaintiffs' counsel are entitled to fees for the unsuccessful class certification effort. However, the

Court concludes that counsel's inexperience and the number of hours expended on the motion for class certification warrant a partial reduction of hours.

Mr. Knewtson and Mr. Passannante were lead counsel in this case. Neither lawyers' practice focuses on class actions, although Mr. Knewtson has recently been involved with some class action cases related to consumer debt. Passannante Decl. ¶ h, ECF 90; Knewtson Decl. ¶ 6, 10, 12, ECF 89. It took them three and a half years to research and file the Motion for Class Certification. Mot. for Class Cert., ECF 63. Counsel filed numerous motions for extensions of time and blew deadlines without leave from the Court. Tr. of Proceedings 3:20-23, ECF 86. As the case grew old, the Court expressed concerns regarding their ability to manage a complex class action and encouraged the lawyers to affiliate with more experienced class counsel. *Id.* at 4:13-23. At the time, Plaintiffs' counsel admitted that they were "trying to figure out how to move to certify a class" given the number of HOAs involved and that the time involved in bringing the class action had been "a real challenge." *Id.* 4: 5-8, 7:3-5. Eventually, two other lawyers, Mr. Kahl and Mr. Walgenkim, joined the case to help manage class discovery and draft the motion for class certification. Kahl Decl. ¶ 1, ECF 91; Walgenkim Decl. ¶¶ 7, 16, ECF 92.

Plaintiffs' counsel spent 278.8 hours on the unsuccessful class certification effort after the October 2017 Summary Judgment O&O. Mr. Knewtson and Mr. Passannante's time accounts for 198 of those hours. Where "a plaintiff has achieved only partial or limited success" hours may be excessive ". . . even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. The Court finds the number of hours spent by Mr. Knewtson and Mr. Passannante on the class certification effort excessive. Accordingly, the Court reduces their hours spent on the class certification effort after the October 2017

Summary Judgment by 30%. The Court will not reduce Mr. Kahl and Mr. Walgenkim's hours as they made discrete and limited contributions to the effort.

          ii.          Duplicative Hours, Clerical Work and Block Billing

Defendant requests that the Court impose a 15% reduction from the lodestar calculation based on the duplication of efforts and block billing. The Court declines to adjust the lodestar calculation based on these practices and instead eliminates or reduces specific hours where appropriate.

          a.          Duplicative Hours and Clerical Work

In some cases, duplicative hours may be deducted. While "[a] party is certainly free to hire and pay as may lawyers as it wishes, [it] cannot expect to shift the cost of any redundancies to its opponent." *Nat'l Warranty Ins. Co. v. Greenfield,* No. CV-97-1654-ST, 2001 WL 34045734, at *5 (D. Or. Feb. 8, 2001). For example, "[w]hen attorneys hold a telephone or personal conference, good 'billing judgment' mandates that only one attorney should bill that conference to the client, not both attorneys. The same good 'billing judgment' requires attorneys not to bill for more than two attorneys to review pleadings or to attend oral argument." *Id.* In determining whether hours were duplicative, courts should consider the complexity of the case or the extent to which the attorneys handled distinct aspects of the task billed. *See U.S. v. Montagne Dev., Inc.*, 3:11-cv-01191-PK, 2014 WL 2334209, at *5 (D. Or. Mar. 10, 2014). "To correct for this duplication by two attorneys, the higher billing rate of the two attorneys should be allowed." *Miranda-Olivares v. Clackamas Cty.,* No. 3:12-CV-02317-ST, 2015 WL 5093752, at *8 (D. Or. Aug. 28, 2015); *see also Montagne Dev., Inc.*, 2014 WL 2334209, at *5 (reducing duplicative hours for "multiple attorneys billing for the same mediation, the same conference with opposing counsel, or the same intra-office conference").

8 – OPINION & ORDER

The Court found 9 instances where the requested hours clearly overlapped between attorneys or covered the same subject matter. The Court eliminated 6.4 hours on this basis. The Court permitted Plaintiffs to recover for fees that were reasonably necessary for coordination between lawyers or resulted in a superior work product, such as one level of editing. Where a duplication occurred, the Court allowed the higher billing rate.

The Court identified 1.3 hours that qualify as clerical work. The Court deducted those hours from the total award. *See Lafferty v. Providence Health Plans*, No. 08-CV-6318-TC, 2011 WL 127489, at *5 (D. Or. Jan. 14, 2011) (finding that "[i]t is well settled, both in this District and elsewhere, that it is inappropriate to seek fees under a fee shifting statute for purely secretarial or clerical work.").

            b.        Block Billing

The U.S. District Court for the District of Oregon recommends that attorneys refrain from block billing as this makes "assessing the reasonableness of the time spent on a particular task extremely difficult."[3] "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro Life Ins. Inc.*, 480 F.3d 942, 948 (9th Cir. 2007).

Thus, it is "reasonable for the district court to conclude that [the fee applicant] fail[s] to carry [its] burden" where block billing is used because it "makes it more difficult to determine how much time is spent on particular activities." *Id.* Under such circumstances, the district court can impose a reduction on the hours that are block billed. *See id.* ("[T]he district court may properly impose a reduction for block billing, but it should explain how or why the reduction

---

[3] *See* Message from the Court Regarding Fee Petitions, https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions.

9 – OPINION & ORDER

fairly balances those hours that were actually billed in block format." (internal quotations and citations omitted)); *see also Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, No. 3:09-CV-00239-HZ, 2013 WL 4012708, at *10 (D. Or. Aug. 5, 2013), *amended*, No. 3:09-CV-00239-HZ, 2014 WL 837389 (D. Or. Mar. 3, 2014), aff'd, 649 F. App'x 585 (9th Cir. 2016) (applying a 25% reduction for block billing, vague entries, and billing in large increments to those entries that suffer from block billing and vagueness); *Nance v. May Trucking*, No. 3:12-cv-01655, 2014 WL 6633111, at *5 (D. Or. 2014) (same).

Plaintiffs' counsel, particularly Mr. Passannante, block billed for time spent on this case. However, within the relevant entries, the Court found only three entries that were block billed in a manner that made it difficult to understand whether the time spent was reasonable. *See* Passannante Decl. Ex. 1 at 4, 10/21/2016 entry, Ex. 1 at 9 10/15/2019 entry; Knewtson Decl. Ex. 1 at 5 2/11/2018 entry. The Court reduced those entries by 20%. Although the Court discourages attorneys from using block billing, the Court did not find it necessary to reduce other entries that were block billed. The remainder of the block billed entries were for short periods of time and were reasonable in light of the recorded tasks.

      iii.    Excessive Hours

Defendant argues that Plaintiffs' counsel's hours on the three substantive pieces of litigation not related to class certification, and on the attorneys' fees petition and reply should be reduced because the amount of time spent was unreasonable.

The burden is on the party requesting fees to provide sufficient documented evidence of the hours claimed—the court should reduce hours that are "excessive, redundant, or otherwise unnecessary." *Montagne Dev.., Inc.*, 2014 WL 2334209, at *5–6 (internal citations and quotations omitted); *see also Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d

1228, 1254 (D. Or. 2013) (finding that fees must be reasonable and cannot be excessive relative to the task).

The FDCPA is a "a comprehensive and complex federal statute." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010). Attorneys' fees are mandatory under the FDCPA because "congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Evon*, 688 F.3d at 1032 (citation omitted). Considering the complexity of the statute at issue, and Plaintiffs' effort to litigate an issue of first impression, the Court finds that the majority of counsel's hours on the substantive pieces of litigation reasonable. However, the Court will reduce Plaintffs' counsel's hours spent on the attorneys' fees petition and reply. Counsel spent 18.5 hours on the attorneys' fee petition and 14.9 hours on the reply to Defendant's response to the attorneys' fee petition.[4] Mr. Knewtson regularly litigates consumer protection issues on a contingent fee basis and thus has experience preparing attorneys' fees petitions. Knewtson Decl. 12–15. Accordingly, preparing and defending the fee petition and reply should not have taken 34 hours. The Court finds this amount of time excessive and reduces the awarded for work on the fee petition and reply by 25%.

      iv.      Further Adjustments to the Lodestar

Along with those discussed above, Defendant asks the Court to reduce the lodestar amount by 40% because of Plaintiffs' counsel's alleged failure to engage in good faith settlement negotiations. Five weeks after Plaintiffs filed the lawsuit, Defendant made a settlement offer of $1,500, plus attorneys' fees. Def. Resp. at 12. Defendant states that Plaintiff never responded or

---

[4] Plaintiffs' Motion for Fees states that Mr. Knewtson spent 16.9 hours on the fee petition and Mr. Passannante spent 6.5 hours on the fee petition. The records submitted by the attorneys do not support these numbers. After reviewing the records provided, the Court concludes that Mr. Knewtson spent 16 hours on the fee petition and Mr. Passannante spent 2.5 hours.

11 – OPINION & ORDER

made a counteroffer. *Id.* Plaintiffs' counsel did share the offer with their clients who rejected it. *Id.*

The Court declines to adjust the lodestar amount on this basis. As discussed above, Plaintiffs ultimately settled for an amount greater than the statutory damages. Additionally, this was not an FDCPA case where Plaintiffs brought a claim for conduct that had already been found unlawful. Plaintiffs' FDCPA claim was novel and resulted in Defendant curbing its unlawful practice. This is a significant result that would not have occurred if Plaintiffs had accepted an early settlement.

B.     Reasonable Hourly Rate

In determining the reasonable hourly rate, the Court considers what a lawyer of comparable skill, experience, and reputation could command in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1033 (D. Or. 1996). In determining a reasonable hourly rate, "the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. *See* Local Rule 54-3 Practice Tip ("[T]he court requests that fee petitions address the Economic Survey and provide justification for requested hourly rates higher than reported by the Survey."); *Roberts v. Interstate Distrib. Co.,* 242 F.Supp.2d 850, 857 (D. Or. 2002) (in determining the reasonable hourly rate, the District of Oregon uses the

OSB Economic Survey "as an initial benchmark" and attorneys should "provide ample justification" for deviating from the Survey rates). The most recent OSB Economic Survey was published in 2017.[5] Courts may also consider "the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno*, 534 F.3d at 1114 (9th Cir. 2008).

        i.        Bret Knewtson's Hourly Rate

Mr. Knewtson seeks $450 per hour. Mr. Knewtson has been a practicing lawyer for over eighteen years. Knewtson Decl. ¶ 5. The Court agrees with other judges in this district that Mr. Knewtson has "has considerable and specialized experience working on FDCPA cases." *Carlos v. Patenaude & Felix, A.P.C.*, No. 3:14-CV-00921-MO, 2016 WL 8710009, at *2 (D. Or. Mar. 18, 2016); *Campista v. Creditors Fin. Grp. LLC*, No. 3:13-CV-00640-SI, 2014 WL 127083, at *3 (D. Or. Jan. 13, 2014).

According to the 2017 OSB Economic Survey, the average hourly rate for Portland private practice attorneys who perform "Civil Litigation, Plaintiff (excluding personal injury)" is $295 and the median hourly rate is $275. The 75th percentile hourly rate is $350 and the 90th percentile rate is $500.[6] The average hourly rate billed by attorneys in private practice in Portland, Oregon with 16-20 years of experience, is $334, with the 75th percentile billing at $400 per hour. Other judges have most recently awarded Mr. Knewton fees at rates of $400 per hour

---

[5] The most recent OSB Economic Survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf

[6] Plaintiffs' counsel asks the court to rely on the Business/Corporate Litigation hourly rate arguing that this case required him and Mr. Passannante to litigate against a corporate defendant with significant resources. Plaintiffs' counsel has not submitted evidence that supports that Business/Corporate Litigation rates would be appropriate for plaintiffs' lawyers in a FDCPA case. The Court finds that the civil litigation category offers the best comparison to Plaintiffs' counsel's work in this case.

13 – OPINION & ORDER

and $375 per hour. Knewtson Decl. at Exhibit 2 at 4–5. The Court concludes that given Mr. Knewtson's total years of practice, experience, and prior awards compensation at $400 per hour is a reasonable hourly rate.

        ii.        Mark Passannante's Hourly Rate

Mr. Passannante seeks $425 an hour. Mr. Passannante has been a practicing lawyer for over 25 years. Passannante Decl. at 5. His practice focuses on real estate disputes and landlord-tenant matters in state court. *Id.* at 6. When not working on contingent fee cases, Mr. Passannante charges clients $270 per hour in his practice, and $430 per hour when he works for a different firm. *Id.* at 4. Other judges have most recently awarded Mr. Passannante fees at rates of $425 per hour and $415 per hour. *Id.* at 5. In addition to the Civil Litigation rates in the 2017 OSB Survey discussed above, the average hourly rate billed by attorneys in private practice in Portland, Oregon with 21-30 years of experience, is $394, with the 75th percentile billing at $475 per hour. The Court finds that the 2017 OSB Survey, Mr. Passannante's experience, and the hourly rates previously awarded to Mr. Passannante are sufficient evidence to support an hourly rate of $415.

        iii.        Nicholas A. Kahl's Hourly Rate

Mr. Kahl seeks $410 an hour. Mr. Kahl is a class action attorney. Kahl Decl. ¶ 3. He joined the case after the Court encouraged Plaintiffs' counsel to affiliate with more experienced class action lawyers. *Id.* ¶ 1. Mr. Kahl does not submit evidence of the number of years he has been in practice. He states that he is an "accomplished litigator." *Id.* ¶ 3. Mr. Kahl request $410 per hour based on the 95th percentile billing rate of attorneys in private practice in Portland, Oregon with 10-12 years of experience. Kahl Decl. ¶ 4. The Court therefore assume he has 10-12 years of experience. Mr. Kahl does not provide evidence of his past fee awards. To support his

14 – OPINION & ORDER

request, Mr. Kahl submits a transcript from a proceeding in Wasco County where the judge praised his efforts as class counsel and a jury verdict form from a successful wrongful death action in Marion County. *Id.* Ex. 2, 3. Given the limited record provided by Mr. Kahl, the Court concludes an award within the 75th percentile band of the 2017 OSB Survey is appropriate. The most relevant numbers from the 2017 OSB Survey are $340 per hour for the 75th percentile of lawyers with 10-12 years of experience in Portland, Oregon and $350 per hour for the 75th percentile of lawyers practicing in the area of "Civil Litigation, Plaintiff (excluding personal injury)." Accordingly, the Court finds that $350 per hour is a reasonable rate.

    iv.  Young Walgenkim's Hourly Rate

  Mr. Walgenkim seeks $375 per hour. Mr. Walgenkim worked as a "contract attorney" on the case and was "in charge of reviewing discovery related to the substantive rights granted by the HOA governing documents." Walgenkim Decl. ¶ 16. He has been a member of the Oregon State Bar since 2012. *Id.* ¶ 10. Mr. Walgenkim specializes in "representing consumers in their claims against car dealers for fraud, misrepresentations, and other violations of the Unlawful Trade Practice Act." *Id* ¶ 8. He does not present evidence of his past fee awards or the number and types of cases he has previously worked on. Accordingly, the Court finds an award within the 75th percentile band of the 2017 OSB Survey is appropriate. The most relevant numbers from the 2017 OSB Survey are $340 per hour for the 75th percentile of lawyers with 7-9 years of experience in Portland, Oregon and $350 per hour for the 75th percentile lawyers practicing in the area of "Civil Litigation, Plaintiff (excluding personal injury)." Accordingly, the Court finds that $350 per hour is a reasonable rate.

//

//

15 – OPINION & ORDER

II.     Costs & Other Expenses

Plaintiffs request $1,239.70 in costs. Defendant does not object to the $400 in requested fees paid to the clerk but objects to the remaining fees as related to Plaintiffs' class discovery efforts. The trial court may apportion costs between successful and unsuccessful claims or reduce the amount of costs awarded based on the prevailing party's relative degree of success. *Pierce v. Cty of Orange*, 905 F. Supp. 2d 1017, 1049 (C.D. Cal. Mar. 2, 2012); *see also Cousins v. Kitsap Cty*, No. C. 08-5674 KLS, 2011 WL 5282717, at *10 (W.D. Wash. Nov. 2, 2011) (disallowing costs incurred that were related to the plaintiff's unsuccessful claims). Seeing as the Court has allowed attorneys' hours related to the unsuccessful class certification effort, it declines to excludes these costs.

The Court awards the requested $400 in clerk fees pursuant to 28 U.S.C. § 1920. In addition to the clerk fees, Plaintiffs request $633.20 for printed or electronically recorded transcripts and $206.50 for "Court Reporter Appearance Fee." Bill of Costs at 2, ECF 87. These are not taxable costs under 28 U.S.C. § 1920. In *Grove v. Wells Fargo Finan. Cal., Inc.*, the Ninth Circuit interpreted the Fair Credit Reporting Act as allowing out-of-pocket expenses incurred by an attorney that would normally be charged to a fee-paying client to be recovered through the fee-shifting statute. 606 F.3d 577, 579 (9th Cir.2010). The Fair Credit Reporting Act has fee-shifting language identical to that of the FDCPA. Accordingly, the Court finds that the FDCPA similarly allows for recovery of out-of-pocket expenses that would normally be charged to a fee paying client. *See Campista*, 2014 WL 127083, at *5 (finding the same); *see also Afewerki v. Anaya L. Grp.*, No. 214CV07132RGKJPR, 2017 WL 11508198, at *6 (C.D. Cal. Nov. 20, 2017) (finding that the Ninth Circuit allows parties to receive non-taxable costs where

statutes authorize attorney's fees awards to prevailing parties). Accordingly, the Court awards the requested $1,239.70 in costs.

## CONCLUSION

Plaintiffs' Motions for Attorney's Fees [88] and Bill of Costs [87] are granted in part. Plaintiffs are awarded $172,665.15 in fees and $1,239.70 in costs.

IT IS SO ORDERED.

DATED: July 30, 2021.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

17 – OPINION & ORDER